UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
TIME SQUARE FOODS IMPORTS LLC,                            :
                                                          :
                          Plaintiff,                      :
            -v-                                           :    12 Civ. 9101 (PAE) (HBP)
                                                          :
                                                          :
URSA PHILBIN, et al.,                                     :    OPINION & ORDER
                                                          :
                          Defendants.                     :
                                                          :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

  Before the Court is a motion by plaintiff and counterclaim defendants (collectively, "Time Square Foods") to vacate the conditional order of dismissal entered on July 18, 2013, and to execute a proposed consent judgment/injunction implementing the parties' settlement agreement. Dkt. 19. On January 14, 2014, Magistrate Judge Henry B. Pitman issued a Report and Recommendation, in which he recommended that Time Square Foods' motion be granted. Dkt. 25 (the "Report"). For the reasons that follow, the Court adopts the Report in full.

**I. Background**

  On December 12, 2012, Times Square Foods filed a Complaint, alleging that defendants were infringing on their trademarks MY SKINNY, MY SKINNY RICE, MY SKINNY PETS, and MY SKINNY PET TREATS. Dkt. 1. On March 25, 2013, defendant Philbin answered and filed a counterclaim, alleging that Times Square Foods' trademarks were invalid. Dkt. 5. On April 19, 2013, an initial conference was held in the case, and on April 22, 2013, the Court referred the case to Magistrate Judge Pitman to conduct a settlement conference. Dkt. 8.

On June 7, 2013, a successful settlement conference was held. The resulting settlement resolved all disputes between the parties pending in both state and federal court. Time Square Foods agreed to pay Philbin $100,000 in six installments in exchange for Philbin and the other defendants agreeing to cede to Time Square Foods all rights to the above trademarks. *See* Transcript of Proceedings, June 7, 2013 (Dkt. 18) ("Tr."). Defendants also agreed to have a consent judgment/injunction entered that would prevent them "from using the disputed marks and *anything confusingly similar*." Tr. at 2–3 (emphasis added). Defendants agreed that they would thus be enjoined from using not only MY SKINNY, SKINNY PETS, and MY SKINNY PETS, but also all confusingly similar trademarks on food products for both humans and pets. *Id.* at 5–6. The terms of the settlement agreement were recorded in Philbin's presence and on the record.

After the settlement conference, the parties exchanged drafts of the proposed consent judgment/injunction, but could not reach an agreement. Specifically, Philbin disputed Time Square Foods' proposed paragraph 7, which enjoins defendants from infringing on the trademark MY SKINNY, and all other marks "confusingly similar thereto including without limitation SKINNY, MY SKINNY, SKINNY RICE, MY SKINNY RICE, SKINNY PETS, MY SKINNY PETS, SKINNY PET TREATS, and MY SKINNY PET TREATS." Dkt. 20, Ex. 1 at 4. Defendants objected to the inclusion in this list of the mark SKINNY. The motion before the Court therefore turns on whether SKINNY is "confusingly similar" to the trademark MY SKINNY when used on the same food products.

On August 19, 2013, Time Square Foods filed a motion to vacate the conditional order of dismissal entered on July 18, 2013, and to execute its proposed consent judgment/injunction.

Dkt. 20.  On September 13, 2013, defendants opposed the motion.  Dkt. 23.  On September 30, 2013, Time Square Foods filed a reply brief.  Dkt. 24.

On January 14, 2014, Magistrate Judge Pitman issued his Report and Recommendation.  Dkt. 25.  Magistrate Judge Pitman recommends that Time Square Foods' motion be granted for two reasons:  (1) there was a meeting of the minds on the existence of a settlement between the parties; and (2) the mark SKINNY, when used with respect to food for humans or pets, is within the terms of the settlement to which defendants agreed.  Accordingly, Magistrate Judge Pitman recommends that the Court vacate the conditional order of dismissal entered on July 18, 2013, and enter the consent judgment/injunction proposed by Time Square Foods.  Report at 12.

The deadline for the parties to file objections to the Report was January 28, 2014.  *Id.*  On January 28, 2014, defendants requested a one-day extension to file an objection, which the Court granted.  Dkt. 26–27.  On January 29, 2014, defendants submitted an objection.  Dkt. 28.

## II.     Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Where specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  To the extent that the objecting party makes only conclusory or

general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. *See Jones v. Smith*, No. 09 Civ. 6497 (PAE) (GAY), 2012 WL 1592190, at \*1 (S.D.N.Y. May 7, 2012) (collecting cases). To trigger *de novo* review, a party's objections to a Report and Recommendation must be "specific and clearly aimed at particular findings" in the magistrate judge's report. *Parlin Funds LLC v. Gilliams*, No. 11 Civ. 2534 (ALC) (MHD), 2012 WL 5258984, at \*1 (S.D.N.Y. Oct. 23, 2012) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

On January 29, 2014, defendants filed an objection to the Report. Dkt. 28. However, defendants' objection simply reiterates the arguments made in their original opposition— primarily, that Time Square Foods does not own an independent trademark in the word SKINNY. *See* Dkt. 23. The proposed consent judgment/injunction, however, does not propose to grant Time Square Foods such an independent trademark. Rather, the injunction simply recognizes that the word SKINNY, when used with similar products, is a mark that would be "confusingly similar" to the recognized trademark MY SKINNY. Because defendants' objections simply rehash their original arguments, the Court reviews the Report for clear error. *See Jones*, 2012 WL 1592190, at \*1.

Careful review of the Report reveals no clear error. On the contrary, the Court agrees with the Report's conclusion that SKINNY is confusingly similar to the trademark MY SKINNY when used on same or similar food products. The presence or absence of the single word "my" is insufficient to distinguish SKINNY from Time Square Foods' trademark when used in connection with such products. *See* Report at 10–11 (citing cases). The Report's legal analysis, which is incorporated by reference, is adopted without modification.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Pitman's Report in full. The conditional order of dismissal entered on July 18, 2013 is vacated. The Clerk of Court is respectfully directed to terminate the motion at docket number 20 and to restore this case to the Court's docket.

The parties are directed to submit a consent judgment/injunction consistent with the Court's ruling to the Orders and Judgments Clerk no later than February 26, 2014. Upon execution of the consent judgment/injunction, the Court will close this case.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: February 10, 2014
       New York, New York